FILED

**SOUTHERN DISTRICT OF FLORIDA**
**UNITED STATES DISTRICT COURT**

2023 JAN 20  PM 3: 32

Jamilia D. Wells

    Plaintiff,  |  Civil Action No.   CLERK, US DISTRICT COURT
           |              MIDDLE DISTRICT OF FL
           |   **COMPLAINT**     JACKSONVILLE FLORIDA

-against-                  3:23-cv-74-TJC-MCR

Experian Information Solutions, Inc.,
**Experian Registered Agent Name & Information:**
C T Corporation System
289 S Culver St, Lawrenceville, GA, 30034-4805, USA
Gwinnett County

Vystar CU

**Vystar Registered Agent Name & Address according to sunbiz.org:**

DAVIES, LANCE
76 SOUTH LAURA ST.
JACKSONVILLE, FL 32202


        Defendant(s)
         **COMPLAINT**
         _____

1. Plaintiff, Jamilia D. Wells brings this action for damages based upon defendants' violation of the Fair Credit Reporting Act ("FDCPA"), 15 U.S.C. §1681 and/or the Fair Debt Collection Act ("FDCA") U.S.C. §§ 1692. Plaintiff seeks to recover statutory damages, actual damages, punitive damages, cost and attorney fees

        **II. Jurisdiction And Venue**
        _____

2. The court has jurisdiction over this matter pursuant to 28 U.S.C § 1367, as well as 15 U.S.C § 1681p et seq.

3. Venue is proper in this judicial district pursuant to 28 U.S.C § 139(b)(2), being that the acts and transaction occurred here, Plaintiff resides here, and Defendant transacts business here.

4. Plaintiff brings this action for damages arising from the Defendant's violations of 15 U.S.C § 1681p et seq., commonly known as the Fair Credit Reporting Act ("FCRA")

## PARTIES

5. Plaintiff is a resident of the St. Augustine of Florida, County of St. Johns

6. At all times material hereto, Plaintiff was a "Consumer" as said term is defined under 15 U.S.C § 1681a(c)

9. Defendant Experian Information Solutions, Inc., is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Experian is an Ohio corporation registered to do business in the State of Pennsylvania, and may be served with process upon the CT Corporation, its registered agent for service of process at 600 N 2nd Street, Suite 401, Harrisburg, PA 17101.

10. At all times material hereto Experian is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C.
§ 1681(d) to third parties.

11. At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

7. Vystar CU is by definition a credit union, a type of financial institution similar to a commercial bank, is a member-owned non profit financial cooperative. Credit unions generally provide services to members similar to retail banks, including deposit accounts, provision of credit, and other financial services.with an address for service at 4441 Wesconnett BLVD POB 45085 Jacksonville FL, 32210

8. Vystar CU (USA), is also a company who furnishes information to consumer reporting agencies under 15 U.S.C § 1681 s-2 with an address for services at 4441 Wesconnett BLVD POB 45085 Jacksonville FL, 32210

## FACTUAL ALLEGATIONS

9. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein with the same force and effect as if the same were set forth at length here in.

### Vystar CU Dispute and violation

13. On information and belief, on a date better known to defendants Experian the bureau prepared and issued credit reports concerning the Plaintiff that included inaccurate and misleading information relating to Vystar CU account (account no. 4275525203095****)

14. The inaccurate information furnished by Defendant **Vystar CU** and published by the Bureaus is inaccurate and misleading since the account contains incorrect information such as The "Payment History" being reported is incomplete. This means the account was not properly verified

15. In almost all instances' creditors make their credit lending decisions based on these automatically generated credit scores

16. For this reason, it is not appropriate to state that when the report as read as a whole contains enough information as to not harm the consumer, since the harm to the credit score is happening automatically with this false, inaccurate incomplete information.

17. The Bureaus have been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantor, both known and unknown.

18. Plaintiff notified the Bureaus the she disputed the accuracy of the information the Bureaus were reporting on or around 10/03/2022

19. It is believed and therefore averred that the Bureaus notified Defendant Vystar CU in which failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on Plaintiff's consumer report with respect to the disputed account.

20. Had Experian Information Solutions, Inc., done a proper investigation it would have been revealed to Vystar CU that The "Payment History" being reported is incomplete. This means the account was not properly verified

21. Despite the dispute by the Plaintiff that the information on her consumer report was inaccurate with respect to the disputed account, the Bureaus did not evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not make a reasonable attempt to verify that the derogatory information concerning the disputed account was inaccurate,

22. The Bureaus violated 15 U.S Code § 1681i (a)(1)(A) by failing to conduct a reasonable investigation and by failing to delete or correct the disputed tradeline within 30 days of receiving Plaintiff's dispute letter,

23. Notwithstanding Plaintiff's efforts, Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors, as evidenced by the inquiries on the Plaintiff's credit report in the form of hard and soft pulls.

24. As a result of the Defendants failure to comply with the F.C.R.A, the Plaintiff suffered concrete harm in the form of loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on applications for future credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

## FIRST CAUSE OF ACTION
(Willful Violation of the FCRA as to Experian)

28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as is the same were set forth at length herein.

29. This is an action for willful violation of the Fair Credit Reporting Act U.S.C § 1681 *et. seq.*

30. Experian violated 15 U.S.C § 1681e by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and files that Experian maintained concerning the Plaintiff.

31. Experian has willfully and recklessly failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

a) The failure to follow reasonable procedure to assure the maximum possible accuracy of the information reported;

b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;

c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d) The failure to promptly and adequately investigation information which Defendant Experian had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the Plaintiff disputed the accuracy of the information;

f) The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

h) The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

34. As a result of this conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain and embarrassment of credit denial.

35. The conduct, action and inaction of Experian was willful rendering Experian liable for actual, statutory and punitive damages in an amount to be determined by a judge and/or Jury pursuant to 15 U.S.C. § 1681n

36. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the court pursuant to 15 U.S.C § 1681n.

WHEREFORE, Plaintiff, Jamilia D. Wells, an individual, demands judgment in her favor against Defendant, Experian, for damages together with attorney's fees and court pursuant to 15 U.S.C § 1681n.

## SECOND CAUSE OF ACTION
### (Negligent Violation of the FCRA as to Experian)

---

37. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length Herein.

38. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

39. Experian violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

40. Experian has negligently failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d) The failure to promptly and adequately investigate information which Defendant Experian had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to continuously note in the credit report that the Plaintiff disputed

the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

h) The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the Consumer.

41. As a result of the conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

42. The conduct, action and inaction of Experian was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

43. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Jamilia D. Wells, an individual, demands judgment in her favor against Defendant, Experian, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

### THIRD CAUSE OF ACTION
### (Willful Violation of the FCRA as to Vystar CU)

58. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

59. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

60. Pursuant to the FCRA, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

61. Pursuant to the FCRA, a furnisher of disputed information is notified by the

reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

62. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

63. The Defendant Vystar CU violated 15 U.S.C. § 1681 by the publishing of inaccurate information; by failing to fully and properly investigate the dispute of the Plaintiff with respect to the inaccurate information; by failing to review all relevant information regarding the same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

64. Specifically, the Defendant Vystar CU continued to report this account on the Plaintiff's credit report after being notified of her dispute regarding the current payment status still being listed as past due.

65. As a result of the conduct, action and inaction of the Defendant Vystar CU, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling and detrimental effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

66. The conduct, action and inaction of Defendant Vystar CU was willful, rendering Defendant Vystar CU liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

67. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Vystar CU in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Jamilia D. Wells, an individual, demands judgment in her favor against Defendant Vystar CU for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681nx

## FOURTH CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Vystar CU)

68. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

69. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

70. Pursuant to the FCRA, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

71. Pursuant to the FCRA, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

72. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

73. Defendant Vystar CU is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681.

74. After receiving the Dispute Notices from the Bureaus, Defendant Vystar CU negligently failed to conduct its reinvestigation in good faith.

75. A reasonable investigation would require a furnisher such as Defendant Vystar CU to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

76. Had Vystar CU done a reasonable investigation it would have found that the The "Payment History" being reported is incomplete. This means the account was not properly verified

77. The conduct, action and inaction of Vystar CU
One was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

78. As a result of the conduct, action and inaction of the Defendant Vystar CU, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

79. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant Vystar CU in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Jamilia D. Wells, an individual, demands judgment in her favor against Defendant Vystar CU, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## DEMAND FOR TRIAL BY JURY

80. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment from each Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c) For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

d) For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e) For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

f) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3); and

g) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: 1/20/2022

Respectfully Submitted,

Jamilia D. Wells

X, _____

**Plaintiff Jamilia D. Wells contact information:**
1249 Paradise Pond Rd.
St. Augustine FL, 32092
Email: Jamiliadanae@gmail.com
**Defendant Vystar CU Contact Information:**
Name: Vystar CU
Address: 4441 Wesconnett BLVD POB 45085
Jacksonville FL. 32210
Email: insurance@vystarcu.org and/or VISMarketing@vystarcu.org
Phone Number: 904-777-6000
 **Defendant Experian Information Solutions Contact Information:**
Address: PO Box 2002 Allen, TX 75013
Phone: 888-397-3742
Email: support@experiandirect.com